IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHAD GOETSCH,

                                                ORDER

            Petitioner,

                                                09-cv-228-bbc

      v.

WI DEPT. OF CORR.,
JOHN BETT, Dr. RUBIN-ASH,
JANET WALSH, LAETITIA LEY,
MIKE VANDENBROOK,
GREGORY GRAMS, SGT SHIMPACH,
and JON FRANK,

            Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Chad Goetsch, a prisoner at Columbia Correctional Institution in Portage, Wisconsin, has submitted a proposed civil action pursuant to 42 U.S.C. § 1983. He asks for leave to proceed <u>in forma pauperis</u> and has supported his request with a copy of his six-month trust fund account statement. I have examined a copy of this statement and reviewed this court's own financial records. From these documents, I conclude that petitioner has not been paying the debts he incurred under the 1996 Prison Litigation Reform Act in connection with two other lawsuits he filed previously in this district, <u>Goetsch v. Berge</u>, 00-

1

C-207-S and Goetsch v. Berge, 02-C-227-S. Therefore, petitioner is not entitled to proceed in forma pauperis in this action at this time.

In case no. 00-C-207-S, petitioner paid an initial partial payment of the filing fee in the amount of $15.40 on April 25, 2000 and in case no. 02-C-227-S, he paid a $16.56 initial partial payment on April 29, 2002. In orders dated April 26, 2000 and May 1, 2002, Judge Shabaz acknowledged receipt of the initial partial payments and directed that the remainder of the $150 filing fees be deducted from petitioner's account according to 28 U.S.C. § 1915(b)(2). Although petitioner continued to make regular payments in his cases following entry of Judge Shabaz's orders, the last payments this court received from him were on April 2, 2003. Petitioner has outstanding balances in case nos. 00-C-207-S and 02-C-227-S of $56.29 and $43.80, respectively. He will need to get his payments up to date before he is allowed to proceed in forma pauperis in this case or in any new case that he may file.

28 U.S.C. § 1915(b)(2) provides that "after payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account . . . ." If the prisoner then files additional complaints or appeals, the amount owed increases as well. For example, when petitioner filed his complaint in case no. 00-C-207-S and paid the initial partial payment, he owed 20 percent of his income to pay the remaining balance of the $150 filing fee. Two years later,

when petitioner filed his complaint in case no. 02-C-227-S, he became obligated to pay 40 percent of his monthly income for both of the $150 filing fees. See Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000) and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) (fees for filing more than one lawsuit or appeal accumulate). The trust fund account statement petitioner submitted in this case reveals he has not been paying in the manner described above.

In Lucien v. DeTella, 141 F.3d 773 (7th Cir. 1998), the Court of Appeals for the Seventh Circuit cautioned prisoner litigants to keep a watchful eye on their accounts and insure that amounts owed under the Prisoner Litigation Reform Act are withdrawn on a monthly basis. "If in a given month the prison fails to make the required distribution from the trust account, the prisoner should notice this and refrain from spending funds on personal items until they can be applied properly." Id. at 776. Nonpayment of obligations a prisoner incurs under the Prisoner Litigation Reform Act for any reason other than destitution is to be understood as a voluntary relinquishment of the prisoner's right to file future suits in forma pauperis, just as if the prisoner had a history of frivolous litigation. Thurman v. Gramley, 97 F.3d 185, 188 (7th Cir. 1996).

From the statement petitioner filed in this case, it is clear that petitioner is in arrears for the total amount of his outstanding balance of $100.09. The chart below illustrates the calculation performed by the court in reviewing petitioner's financial statement. The first

3

column shows the month in which petitioner received income; the second column shows the amount of his monthly income; the third column shows the amount petitioner owed, which is 40% of the previous month's income; the fourth column shows the amount of petitioner's monthly payments; and the last column shows the minimum amount I am able to determine petitioner owes. (Although petitioner's trust fund account statement covers a six-month period from October 2008 to April 2009, the chart ends in January 2009 because that is when I am able to determine that the amount of income petitioner owed exceeded the outstanding balance.)

| Month | Income | Amount Owed | Amount Paid | Amount Still Due |
|---|---|---|---|---|
| October 2008 | $41.72 | | $0 | |
| November 2008 | $191.60 | $16.69 | $0 | $16.69 |
| December 2008 | $164.52 | $76.64 | $0 | $76.64 |
| January 2009 | $10.51 | $65.81 | $0 | $65.81 |
| **TOTAL** | $408.35 | $159.14 | $0 | $159.14 |

4

As soon as this court is notified that petitioner has paid the outstanding balance of $100.09 for the debts he incurred in case nos. 00-C-207-S and 02-C-227-S, petitioner may renew his request for leave to proceed in forma pauperis in this case.

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED.

Further, IT IS ORDERED that until petitioner has paid the debts he incurred under the 1996 Prison Litigation Reform Act in connection with the filing fees in Goetsch v. Berge, 00-C-207-S and Goetsch v. Berge, 02-C-227-S, he may not apply for leave to proceed in forma pauperis in any future action in this district except under the circumstances permitted under 28 U.S.C. § 1915(g). As soon as this court is notified that petitioner's payments for the fees in his earlier cases are up to date, petitioner may renew his request for leave to proceed in forma pauperis in this case.

5

Finally, IT IS ORDERED that the clerk is directed to close this file.

Entered this 6th day of May, 2009.

                      BY THE COURT:

                      /s/

                      _____
                      BARBARA B. CRABB
                      District Judge