IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHAD GOETSCH,

                                                                     ORDER

                      Plaintiff,

                                                   09-cv-228-bbc

       v.

WI DEPT. OF CORR.,
JOHN BETT, Dr. RUBIN-ASH,
JANET WALSH, LAETITIA LEY,
MIKE VANDENBROOK,
GREGORY GRAMS, SGT SHIMPACH,
and JON FRANK,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Chad Goetsch has filed a motion for reconsideration of this court's May 6, 2009 order denying his request for leave to proceed in forma pauperis in this case on the ground that he is not paying the debts he incurred under the 1996 Prison Litigation Reform Act in connection with the filing fees in Goetsch v. Berge, 00-C-207-S and Goetsch v. Berge, 02-C-227-S. In his motion, plaintiff contends that officials at the prison business office failed to properly maintain his account and he should not be penalized for their mistakes. In addition, he says that it is "impossible" that he owes the filing fee in case no. 00-C-207-S,

1

because he was not allowed to proceed on his claims in that case. Plaintiff's motion for reconsideration must be denied.

As I told plaintiff in the May 6 order, the Court of Appeals for the Seventh Circuit has held that prisoners must watch their accounts carefully to insure that prison officials are withdrawing the proper amounts and, if they are not, they must refrain from spending the money until it can be applied properly. Lucien v. DeTella, 141 F.3d 773, 776 (7th Cir. 1998). In his motion, plaintiff says that he receives copies of his trust fund account statements on a monthly basis. He should be able to notice any mistakes on his statement and follow up with the prison financial office so that they may make any necessary corrections to his account. Therefore, I cannot accept plaintiff's argument that he is not at fault for failing to pay his debts to this court.

Plaintiff's second argument fares no better than his first. While it is true that in case no. 00-C-207-S, Judge Shabaz dismissed plaintiff's complaint for failure to state a claim, this does not excuse plaintiff's obligation to pay the filing fee. In the April 25, 2000 order dismissing plaintiff's complaint, Judge Shabaz stated explicitly that monthly payments would be deducted from plaintiff's prison account until the balance of $150 filing fee is paid in full. (For plaintiff's reference, a copy of this order in enclosed.)

In sum, because plaintiff's arguments in his motion do not convince me that I erred in denying his request for leave to proceed in forma pauperis in this case, the motion will be

denied. If plaintiff wishes to resolve the issue of his outstanding debts, he will have to work with prison officials to bring his account up to date. To assist plaintiff and prison officials in this regard, I am sending to the warden of the Columbia Correctional Institution a copy of this order as well as the May 6 order. As soon as this court is notified that plaintiff's payments for the fees in his earlier cases are up to date, plaintiff may renew his request for leave to proceed in forma pauperis in this case. Finally, pursuant to plaintiff's request, I will enclose with his copy of this order the court's financial statements for case nos. 00-C-207-S and 02-C-227-S.

ORDER

IT IS ORDERED that plaintiff's motion for reconsideration of this court's May 6, 2009 order denying his request for leave to proceed in forma pauperis in this case on the ground that he is not paying the debts he incurred under the 1996 Prison Litigation Reform Act, dkt. #5, is DENIED.

Entered this 22nd day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3