IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHAD GOETSCH,                                                                          OPINION
                                                                                                       AND
                                                                                                       ORDER
                                  Plaintiff,
                                                                                                       09-cv-228-bbc
            v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
JOHN BETT, DR. RUBIN-ASH, JANET WALSH,
DR. LAETITIA LEY, DR. MIKE VANDENBROOK,
GREGORY GRAMS, SGT. SHIMPACH,
and JON FRANK,

                                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this action for injunctive, declaratory and monetary relief brought pursuant to 42 U.S.C. § 1983, plaintiff Chad Goetsch alleges that prison officials at Columbia Correctional Institution violated his rights in a variety of ways. Plaintiff seeks relief from a total of nine defendants on nine claims. Plaintiff is a prisoner requesting leave to proceed in forma pauperis, so under 28 U.S.C. § 1915, the court must screen his complaint and dismiss any claims if they are frivolous, malicious, fail to state a claim or seek monetary relief from a defendant who is immune. 28 U.S.C. § 1915A(b). Because plaintiff has made his initial

1

partial payment, his complaint is ready for screening under 28 U.S.C. § 1915.  However, it is not possible to reach the merits of plaintiff's complaint because the varied nature of the named defendants and claims in this case violates Fed. R. Civ. P. 20.  Plaintiff's allegations amount to three separate lawsuits.  Plaintiff will have to pick one lawsuit on which to proceed in this action and indicate which of the remaining lawsuits he wishes to pursue separately, with each suit subject to its own filing fees and possibility of strikes under 28 U.S.C. § 1915(g).

      Fed. R. Civ. P. 20(a) governs the number of parties a plaintiff may join in any one action.  It provides that a plaintiff may sue more than one defendant when his injuries arise out of "the same transaction, occurrence, or series of transactions or occurrences" and when there is "any question of law or fact common to all defendants."  George v. Smith, 507 F.3d 605 (7th Cir. 2007).  Thus, under Rule 20, multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence or series of transactions or occurrences and presents common questions of law or fact.  3A Moore's Federal Practice ¶ 20.06, at 2036-2045 (2d ed. 1978).  After Rule 20 is satisfied, the plaintiff may add claims against one or more of the properly joined defendants, so long as the additional claims do not involve new defendants outside that group.

      Applying these rules to this case, I conclude that plaintiff's complaint must be

2

separated into three lawsuits. Plaintiff contends that he was denied medical care, that his First Amendment rights were violated by officers in the prison mailroom, and that various Department of Corrections regulations violate his First Amendment rights. Each of these groups of claims concerns separate incidents and separate individuals or groups of individuals.

Plaintiff raises the following claims with respect to his current conditions of confinement at Columbia Correctional Institution:

1. Defendant Dr. Laetitia Lay refused to treat plaintiff's depression and suicidal thoughts, instead accusing him of faking his mental illness and leading him to attempt suicide;

2. After plaintiff's suicide attempt, defendant Dr. Mike Vandenbrook refused to allow plaintiff to seek mental health treatment at the Wisconsin Resource Center or in areas of the prison where better care was available;

3. Wisconsin Department of Corrections rules designate as contraband several magazines;

4. Wisconsin Department of Corrections rules prevent plaintiff from selling paintings outside the prison;

5. Wisconsin Department of Corrections rules prevent plaintiff from buying "commercially produced" photos of any kind;

3

6. Defendant Sergeant Shimpach, of the prison mailroom, designated an art history book as contraband;

7. Defendant Shimpach retaliated against plaintiff by damaging a book plaintiff was attempting to return;

8. Wisconsin Department of Corrections rules prevent plaintiff from sending his paintings to someone not on his visiting list;

9. Defendant Shimpach returned a magazine to its sender, despite its being designated not contraband by Department of Corrections staff.

Rules 20 and 18 allow the following grouping of these claims:

- First, in what I will refer to as lawsuit # 1, plaintiff may sue defendants Lay and Vandenbrook for their alleged refusal to treat his mental illness, claims 1 and 2 in plaintiff's complaint. Both claims are part of the same series of transactions related to inadequate treatment for plaintiff's mental illness.

- Second, in what I will refer to as lawsuit # 2, plaintiff may sue defendant Shimpach for denying plaintiff access to various items of mail and retaliating against plaintiff by damaging his book, claims 6, 7 and 9 in plaintiff's complaint.

- Finally, in what I will refer to as lawsuit # 3, plaintiff may sue the Department of Corrections and whomever he identifies as responsible for the Department of Corrections regulations that he is challenging under claims 3, 4, 5 and 8. Currently,

4

plaintiff does not identify the individual or individuals responsible for those regulations.

In his response, plaintiff must identify which of the three lawsuits he wants to pursue in this case. If plaintiff elects to pursue more than one lawsuit, he should explain which one it is and which of these lawsuits he wants to pursue under this case number. The remaining lawsuits will be assigned separate case numbers and plaintiff will be required to pay an additional initial partial payment for each additional lawsuit he initiates.

Petitioner should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not undertaken a full screening of the merits of the claims raised in any of the lawsuits identified above. Once petitioner identifies the suits he wants to continue to litigate and pays any additional filing fees, I will screen the individual actions that remain as required under 28 U.S.C. § 1915(e)(2). In addition, plaintiff should know that he could earn a strike for any lawsuit he pursues if any claims in that suit are dismissed for one of the reasons set out in 28 U.S.C. § 1915(g).

ORDER

IT IS ORDERED that

1. Plaintiff may have until November 16, 2009, in which to identify for the court the separately numbered lawsuit identified in the body of this opinion on which he wishes to

5

proceed under the number assigned to this case. Plaintiff's initial partial payment will be applied to this lawsuit.

    2. Plaintiff may have until November 16, 2009, in which to advise the court which of the remaining separately numbered lawsuits he will prosecute, if any, and which he will withdraw voluntarily.

    3. For any lawsuit that petitioner dismisses voluntarily, he will not owe a filing fee.

    4. For each additional lawsuit that plaintiff advises the court he intends to prosecute he will owe a separate filing fee and will be assessed an initial partial payment.

    5. If, by November 16, 2009, plaintiff fails to respond to this order, I will enter an order dismissing the lawsuit as it presently exists for plaintiff's failure to prosecute.

    Entered this 30th day of October, 2009.

    BY THE COURT:

    /s/

    _____
    BARBARA B. CRABB
    District Judge