IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD GOETSCH,

        Plaintiff,                                     ORDER

v.                                                    09-cv-228-bbc

DR. LAETITIA LEY,
DR. MIKE VANDENBROOK and
DR. RUBIN-ASH,

        Defendants.

---

      Plaintiff is proceeding in this case on his Eighth Amendment claim that defendants Dr. Laetitia Ley, Dr. Mike Vandenbrook and Dr. Rubin-Ash were deliberately indifferent to his serious mental health needs.  Now before the court is defendants' motion to compel plaintiff to execute a release to allow their counsel access to his medical and mental health records.

      In support of their motion, defendants state that their counsel has written plaintiff three times to ask him to sign an authorization, but he has adamantly declined to sign the broad authorization requested.  Defendants correctly point our that plaintiff has put his medical and mental health at issue in this lawsuit.  Plaintiff stridently argues that the authorization for release of medical records covers information that is irrelevant to the lawsuit and is being sought by defendants in order to harass and embarrass him.

      While the court understands plaintiff's sensitivity bout his medical information, he has put at least the last eight years of his treatment into issue, which allows for wide-ranging discovery by the defendants in a case of this nature.  Additionally, information that does not appear relevant to a non-lawyer often can have legal significance and therefore at least is discoverable.  Whether all of this information turns out to be relevant and admissible during

motions practice or at trial are different questions that can be addressed later. As a result, this court rarely limits medical record release forms at the front end of discovery. This court *does* insist that a strong protective order be entered by the parties in order to protect the confidentiality of sensitive medical information to the greatest extent possible in a federal lawsuit involving claims of constitutionally inadequate care. Having considered plaintiff's objections, I conclude that there is no valid reason at this early juncture to limit defendants' access to plaintiff's medical and psychiatric records.

Even so, this court never forces a party to sign a medical records release form if he would rather maintain the privacy of his medical information. However, a party's choice not to sign a release in a lawsuit of this nature has consequences. If plaintiff is unwilling to consent to authorize the requested disclosures in this case, then his decision could result in dismissal of his lawsuit because the defendants cannot defend themselves without access to plaintiff's medical records.

ORDER

IT IS ORDERED that defendants' motion to compel plaintiff to sign the authorization of release of medical information, dkt. 34, is DENIED. If plaintiff does not sign and return such an authorization form by April 12, 2010, then defendants may move to dismiss plaintiff's action.

Entered this 22nd day of March, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge