IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD GOETSCH,

               Plaintiff,                           ORDER

    v.                                         09-cv-228-bbc

DR. LAETITIA LEY,
DR. MIKE VANDENBROOK and
DR. RUBIN-ASH,

               Defendants.

---

Plaintiff is proceeding in this case on his Eighth Amendment claim that defendants Dr. Laetitia Ley, Dr. Mike Vandenbrook and Dr. Rubin-Ash were deliberately indifferent to his serious mental health needs.  Now before the court are plaintiff's motions to strike expert witnesses, dkts. 54 and 58, and motion to compel defendants to answer interrogatories, dkt. 59.

On July 30, 2010, defendants provided a list of experts, who might testify at trial as treatment providers, nurses or other similar care givers.  Dkt. 52.  Plaintiff moves to strike Janet Walsh, Psychological supervisor, Andrea Nelson, Psychologist, and Ryan Tobiasz as experts because he says they have no personal knowledge of the events in this case.  Defendants respond that these witnesses are treatment providers and will give opinions based on their treatment of plaintiff.  That's a sufficient proffer of relevance and admissibility.  Plaintiff's motion to strike these witnesses will be denied.

Plaintiff has moved to compel Dr. Vandenbrook to answer interrogatories 9, 10, 11 and 14. Int. 9 asks "Why didn't you come to see me when the guards contacted you (on my behalf) before my suicide attempt?"  Vandenbrook responds that the request is overbroad, but that on February 23, 2006 he does not recall being contacted on plaintiff's behalf.  In his motion to

compel plaintiff clarifies that he is referring to February 21 and 22.  In light of this clarification, it is appropriate for Vandenbrook to provide his response this interrogatory as to these dates.

Int. 10 asks why Vandenbrook did not send him to WRC.  Vandenbrook responds that he did not have the authority to do so.  This is an adequate response.

Int. 11 asks why plaintiff was not transferred to the mental health unit after his suicide attempt.  Vandenbrook responds that plaintiff was placed on observation status.  This is not an answer to the question actually asked, and plaintiff should not have to infer a more specific answer.  Vandenbrook will have to supplement his answer Int. 11.

Int. 14 asks

> Can a person suffer an anxiety attack without showing outward signs of it, especially if that person was an abused child who became adept at hiding the trauma he suffered at home on a daily basis (from his peers at school etc.)(i.e. the rest of society outside the family)?

Defendant objects on the grounds that it is overly broad, harassing and requires speculation.  These are valid objections to this interrogatory.  Plaintiff either will have to rephrase this more broadly, or narrow it to Vandenbrook's actual observations of plaintiff at the times in question.

Plaintiff moves to compel Dr. Ley to answer Ints. 6, 7 and 8.  Interrogatory 6 asks , "Are you aware that not all people suffering from an anxiety attack show outward signs of it?"  This is a broad enough question to allow an answer–qualified by Dr. Ley as necessary–in the "for what it's worth" column; it will be up to plaintiff at the appropriate time to establish that Dr. Ley's answer is relevant and admissible to the issues raised in this lawsuit.

Ints. 7 and 8 ask for opinions based on Ley's private practice.  The questions are too broadly worded to be useful in this lawsuit and therefore  are not reasonably calculated to lead

2

to the discovery of admissible evidence in this lawsuit.  Defendant does not need to answer them.

This also applies to plaintiff's motion to compel Rubin-Ash to answer Int. 1, which requests a braod hypothetical opinion based on Rubin-Ash's private practice. I will not compel Rubin-Ash to answer it.

ORDER

IT IS ORDERED that:

1.  Plaintiff's motions to strike expert witnesses, dkts. 54 and 58, are DENIED.

2.  Plaintiff's motion to compel defendant Vandenbrook to answer Interrogatories 9 and 11, and to compel Dr. Ley to answer Interrogatory 6 is GRANTED.  Defendants are to provide plaintiff with responses no later than August 30, 2010.

3, In all other respects, plaintiff's motion to compel, dkt. 59, is DENIED.

Entered this 16th day of August, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge